UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Willie Jones,

    Plaintiff,

v.

Wayne Carter,

    Defendant.

Case No. 13 C 7242

Judge John Robert Blakey

**MEMORANDUM OPINION AND ORDER**

This is a Section 1983 case alleging a lack of nutritional meals and denial of adequate bed sheets at Kane County Adult Justice Center, where Plaintiff Willie Jones was housed. Plaintiff also had alleged that commissary prices at the Center were too high, but this Court previously dismissed that claim [11]. In his remaining claims, Plaintiff alleges that on September 26, 2013, he filed and directed grievances about these two issues to Defendant Lieutenant Wayne Carter, yet Defendant failed to take "remedial action."

Defendant now moves for summary judgment [58]. Defendant argues that Plaintiff failed to exhaust his administrative remedies before bringing this lawsuit on October 8, 2013, and thus that this litigation is premature under the Prison Litigation Reform Act. That motion is granted.

**I.    Legal Standard**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *See CTL ex rel. Trebatoski v. Ashland School District*, 743 F.3d 524, 528 (7th Cir. 2014).

## II. Facts[1]

### A. Grievance Procedure

The exhaustion issue before this Court involves the grievance procedures at Kane County Adult Justice Center, where Plaintiff was housed at all relevant times. DSOF ¶ 1. Inmates at the Center received a Detainee Handbook upon arrival which, in sections titled "Grievance Procedure" and "Procedure for Filing a Grievance," explain the grievance procedure inmates must follow at the Center. DSOF ¶¶ 13-14; Detainee Handbook [59-4] at 6-7. The Detainee Handbook also is available electronically through the computer kiosks located in each housing unit in

---

[1] Defendant's Local Rule 56.1 statement of facts [60-1] is referred to as "DSOF." Plaintiff did not expressly respond to DSOF, so this Court deems them admitted. Fed. R. Civ. P. 56(e)(2). Plaintiff also has not submitted a statement of facts compliant with Local Rule 56.1 but rather submitted an "Affidavit of Facts" [67] that contained certain exhibits. Despite this technical failure to comply with Local Rule 56.1, this Court construes the Affidavit of Facts in the light most favorable to Plaintiff to give him the benefit of the doubt as the nonmoving party at summary judgment. Fed. R. Civ. P. 56(e); *see Steve v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) (recognizing that it is within this Court's discretion to apply Local Rule 56.1 strictly).

Kane County Adult Justice Center. DSOF ¶ 21, 23-24. Inmates log onto the kiosk using their inmate number and personal PIN number. DSOF ¶ 22.

Inmates submit grievances and appeals electronically through the computer kiosks at the Center. DSOF ¶¶ 25, 28. Grievances automatically are sent to the Lieutenant in charge of inmate grievances, here, Defendant Lieutenant Wayne Carter. DSOF ¶¶ 26, 29. When the Lieutenant responds, the inmate is able to access the Lieutenant's response electronically. DSOF ¶ 27.

According to the Detainee Handbook, inmates must submit a grievance within 48 hours of an incident; however, a grievance can be submitted after that time if the inmate shows good cause. DSOF ¶ 15. Once a grievance is filed, the inmate will receive a response within 15 days unless circumstances require more time. DSOF ¶ 17. The inmate then has 48 hours to appeal any grievance decision to the Commander of Corrections. DSOF ¶¶ 18, 20. The appeal must attach the original grievance and include a valid reason for the appeal. DSOF ¶ 19. No additional appeals are permitted. DSOF ¶ 18.

B. **Plaintiff's Exhaustion Efforts**

Plaintiff was admitted at Kane County Adult Justice Center on February 6, 2013 and remained there until June 30, 2014. DSOF ¶ 5. Plaintiff alleges that at unidentified times during his incarceration at the Center, the breakfast meals there lacked proper nutrition, and that he did not receive adequate bed sheets. DSOF ¶¶ 6, 8.

Plaintiff's correctional records at Kane County Adult Justice Center include 13 grievances and one appeal filed before Plaintiff filed this lawsuit. DSOF ¶¶ 31-33. Of the 13 grievances, just two grievances filed September 26, 2013 are relevant to the instant dispute. DSOF ¶¶ 34, 37, 40, 42. The first grievance regards the lack of nutritional meals; the second grievance the denial of adequate bed sheets. DSOF ¶¶ 34, 37. Each one will be discussed in turn.

***Breakfast meals grievance.*** On September 26, 2013 at 7:00 p.m., Plaintiff submitted an electronic grievance about there not being nutritional breakfast meals at Kane County Adult Justice Center. DSOF ¶ 34. Plaintiff wrote in full:

> ATTN LT CARTER. THIS A GREIVANCE I WOULD LIKE TO GREIVANCE THE FACT, THAT OUR BREATFEST TRAYS DOSNT HAVE THE PROPER NUTRITIONS ON THEM. PLEASE SEND ME A COPY OF GREIVANCE RESPOND.

DSOF ¶ 34 (misspellings in original).

The next day, on September 27, 2013 at 11:52 a.m., Defendant responded to this grievance and asked Plaintiff for more information about his grievance. DSOF ¶ 35. Defendant wrote:

> Is there a problem with all breakfast trays or are you talking about a certain day? Give me an example of what you have received which is lacking.

DSOF ¶ 35.

Plaintiff's correctional records at Kane County Adult Justice Center do not contain any response from Plaintiff to Defendant's question, or any appeal from Plaintiff. DSOF ¶¶ 31-33, 36, 41. The only appeal that could be relevant was filed on July 9, 2013—months before the relevant grievances here were lodged. DSOF ¶

4

33. Nor does Plaintiff argue, such as through a sworn statement, that he did in fact appeal his breakfast meals grievance.

***Bed sheets grievance.*** Eight minutes after grieving the deficient breakfast meals, on September 26, 2013 at 7:08 p.m., Plaintiff submitted a second electronic grievance about not having received adequate bed sheets. DSOF ¶ 37. Plaintiff wrote in full:

> I AM ALSO GREIVANCE THAT YOU ALL ARE NOT GIVING US SHEETS FOR OUR BEDS THOSE ARE COVERS FOR BEDDING NOT SHEETS. PLEASE SEND ME COPY OF GREIVANCE RESPOND. THANK YOU.

DSOF ¶ 37 (misspellings in original).

On September 27, 2013 at 11:57 a.m., Defendant denied Plaintiff's grievance. DSOF ¶ 38. Defendant explained: "By giving you a blanket and a mattress cover we are within acceptable guidelines." DSOF ¶ 38.

Once again, Plaintiff's correctional records do not contain any appeal from Plaintiff. DSOF ¶¶ 31-33, 39, 41. Nor does Plaintiff argue that he did in fact appeal his bed sheets grievance.

## III. Analysis

Under the Prison Litigation Reform Act, an inmate may not bring a federal suit about prison conditions unless he first has exhausted all available administrative remedies:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Wagoner v. Lemmon*, 778 F.3d 586, 590 (7th Cir. 2015); *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). A remedy is not exhausted if the inmate failed to abide by the prison's procedures for pursing relief. *Pavey*, 663 F.3d at 903. The exhaustion requirement encompasses grievance procedures that permit appeals, indeed, the Seventh Circuit has found inmates who failed to appeal adverse grievance decisions had failed to exhaust. *E.g.*, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005); *Dixon v. Page*, 291 F.3d 485, 489-90 (7th Cir. 2002); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002). The purpose of the exhaustion requirement is to keep prisoner grievances in prisons and out of the courts, so that the primary responsibility for prison regulation remains with prison officials. *Begolli v. Home Depot U.S.A., Inc.*, 701 F.3d 1158, 1161 (7th Cir. 2012); *Fletcher v. Menard Correctional Center*, 623 F.3d 1171, 1174 (7th Cir. 2010).

The Seventh Circuit requires strict compliance with the Prison Litigation Reform Act's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion is an affirmative defense, and the burden of proof is on Defendant. *Dole*, 438 F.3d at 809; *Pavey*, 663 F.3d at 903. This Court, and not a jury, determines whether Plaintiff exhausted his administrative remedies. *Wagoner*, 778 F.3d at 590.

Here, Defendant argues that Plaintiff's claims are barred by the Prison Litigation Reform Act because Plaintiff's correctional records show that he failed to

appeal either September 26, 2013 grievance. [59] at 9. An appeal is required to exhaust Kane County Adult Justice Center's grievance procedure. DSOF ¶¶ 18, 20.

As shown by the undisputed factual background, Plaintiff's correctional records at Kane County Adult Justice Center show by omission that Plaintiff failed to appeal either September 26, 2013 grievance. That is enough for Defendant to meet its burden of proof to show a failure to exhaust at summary judgment. In these respects, this case is analogous to *Burrell*, 431 F.3d at 284-85, where the Seventh Circuit affirmed the grant of summary judgment because the record, as here, showed by omission that the inmate had not appealed three grievances. The grievances in *Burrell* included a line that had to be signed by the inmate to appeal a grievance decision; however, that line was left blank by the inmate. *Id.* at 284. Nor did that the inmate offer any other evidence or argument that he in fact appealed his three grievances. *Id.* at 284-85. Neither has Plaintiff here.

Consistent with *Burrell* and the undisputed facts here, other Courts in this District grant summary judgment for a failure to exhaust when confronted with correctional records that do not contain a relevant grievance or appeal. *E.g.*, *Goldsmith v. Zolecki*, No. 12-3965, 2013 WL 5699302, at *5 (N.D. Ill. Oct. 18, 2013) (Keys, J.); *Roberson v. Engelson*, No. 11-9318, 2013 WL 1749384, at *2, 5 (N.D. Ill. April 23, 2013) (Tharp, J.); *Richmond v. Dart*, No. 11-65, 2012 WL 6138751, at *2 (N.D. Ill. Dec. 11, 2012) (Kennelly, J.); *see also Goldsmith v. Correct Care Solutions*, No. 12-3738, 2015 WL 2437332, at *3 (N.D. Ill. March 31, 2015) (Blakey, J.). The record here is even less compelling than in *Goldsmith* and *Richmond*, where the

inmates claimed, unlike Plaintiff here, that they had actually filed a grievance. Nor has Plaintiff supplied any compelling reason for this Court to believe that his correctional records are incomplete.

Plaintiff's responses do not get him far. Plaintiff cites multiple grievances filed after October 8, 2013 (when this lawsuit was initiated). [67] at 4-8. Those grievances cannot remedy Plaintiff's failure to exhaust even though they may also be about the lack of nutritional meals and denial of adequate bed sheets. Plaintiff must exhaust Kane County Adult Justice Center's grievance procedure, including all appeals, *before* filing a federal lawsuit. *Dixon*, 291 F.3d at 489. A grievance filed after the lawsuit by its very timing cannot satisfy the administrative prerequisites to suit.

Plaintiff also requests that this Court issue a subpoena to Kane County Adult Justice Center on his behalf to collect certain information about the meals the Center served. [67] at 3-4. But that information, at best, bears on the substance of Plaintiff's claims and not on whether he exhausted his administrative remedies. Nor is this Court's role to conduct discovery on behalf of any party.

For these reasons, Plaintiff has failed to exhaust his administrative remedies and this lawsuit is premature.

## IV. Conclusion

Defendant's motion for summary judgment [58] is granted. This case is dismissed without prejudice pursuant to *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). Civil case terminated.

Dated: July 14, 2015

Entered:

_____
John Robert Blakey
United States District Judge